IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| ROB BREWSTER and ANITA GOFFMAN, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TENET HEALTHCARE CORPORATION, d/b/a TENET,<br><br>    Defendant. | Case No. _____<br><br>[On Removal from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Case No. CACE-22-008510] |

## TENET HEALTHCARE CORPORATION'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, Defendant Tenet Healthcare Corporation ("Tenet") hereby removes the above-captioned action, *Rob Brewster et al. v. Tenet Healthcare Corporation, d/b/a Tenet*, Case No. CACE-22-008510 (the "State Court Action"), from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division. Tenet hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where the putative class includes more than 100 members, and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5 million, exclusive of interest and costs. As set forth

1

below, this case meets all of CAFA's requirements for original jurisdiction and removal and is timely and properly removed by the filing of this Notice.

## VENUE

2. The State Court Action was filed in Broward County, Florida. Therefore, venue properly lies in the United States District Court for the Southern District of Florida, Fort Lauderdale Division. *See* 28 U.S.C. §§ 89(c), 1391.

## PLEADINGS, PROCESS, AND ORDERS

3. On or about June 10, 2022, Plaintiffs Rob Brewster and Anita Goffman ("Plaintiffs") filed the State Court Action, on behalf of themselves and all others they claim to be similarly situated. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint filed in the State Court Action, which is the only process, pleadings, and orders served upon Tenet in the State Court Action, is attached as **Exhibit A** to this Notice. A true and correct copy of the docket in the State Court Action is attached as **Exhibit B** to this Notice. Copies of all other process, pleadings, and orders in the State Court Action, exclusive of the Summons and Complaint, are attached together as **Exhibit C** to this Notice.

4. According to the allegations in the Complaint, Plaintiffs and the members of the putative class they purport to represent are persons whose information was allegedly compromised "during the Cybersecurity Incident reported by Tenet on or about April 26, 2022." *See* Compl. ¶ 101.

5. The Complaint alleges three counts for: (1) negligence; (2) breach of express contract; and (3) breach of implied contract. *Id.* ¶¶ 117-155.

## SERVICE ON THE STATE COURT

6. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal in the United States District Court for the Southern District of Florida, written notice of such filing will be given by the undersigned to Plaintiffs' counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

## TIMELINESS OF REMOVAL

7. Tenet was served with a copy of the Summons and Complaint on June 15, 2022. This Notice has been filed within thirty (30) days after Tenet was served with a copy of the Summons and Complaint and is therefore timely under 28 U.S.C. § 1446(b).

## ORIGINAL JURISDICTION PURSUANT TO CAFA

8. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a). As set forth more fully below, this is a civil putative class action wherein: (1) the proposed classes contain at least 100 members in the aggregate; (2) there is minimal diversity; (3) no defendant is a state, state official, or other governmental entity; (4) the total amount in controversy for all class members, based on the allegations of the Complaint, exceeds $5 million, exclusive of interest and costs; and (5) none of the exceptions to CAFA jurisdiction applies. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As discussed below, this case meets each CAFA requirement for removal.

### *The Proposed Class Contains At Least 100 Members in the Aggregate*

9. Under CAFA, a "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

Plaintiffs allege that they "bring this nationwide class action on behalf of themselves and on behalf of all others similarly situated," citing Fla. R. Civ. P. 1.220 for support. Compl. ¶ 101. This meets CAFA's definition of a putative class action. *See* 28 U.S.C. § 1332(d)(1)(B).

10. Plaintiffs purport to bring claims on behalf of a putative class of individuals they define as: "All individuals residing in the United States whose information was accessed, viewed, copied, and/or acquired during the Cybersecurity Incident reported by Tenet on or about April 26, 2022." Compl. ¶ 101 (the "Nationwide Putative Class").

11. Plaintiffs estimate that the putative class contains "millions of individuals[.]" Compl. ¶ 104 ("[b]ased upon the 'millions' of patient encounters at Defendant's health system every year and the nature of Defendant's business, it is more **likely that there are millions of individuals** whose PII and PHI may have been improperly accessed in the Cybersecurity Incident.") (emphasis added).

12. Based on Plaintiffs' allegations in the Complaint, CAFA's 100-person requirement is satisfied. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (courts may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations" and "may use their judicial experience and common sense" in assessing federal jurisdictional requirements) (citations and quotations omitted); *see also Kelly v. State Farm Mut. Auto. Ins. Co.*, No. 5:10-cv-194-OC-32GRJ, 2010 WL 9888731, at *3 (M.D. Fla. Sept. 23, 2010) (concluding "CAFA's 100 person requirement" was satisfied because "Plaintiffs have alleged in the First Amended Class Complaint that it is believed the class contains more than 1,000 persons"), *report and recommendation adopted*, No. 5:10-cv-194-OC-32TEM, 2010 WL 10096066 (M.D. Fla. Nov. 9, 2010). Tenet has also reviewed its records and determined that there are more than 100 individuals whose information was involved in the cyberattack that gives rise to Plaintiffs' claims.

### *Minimal Diversity Exists*

13. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(2)(A), 1453.

14. Plaintiffs allege that they are both citizens of the state of Florida. Compl. ¶¶ 21, 22.

15. Tenet is incorporated in Nevada[1] and has its principal place of business in Texas. Compl. ¶ 23. Thus, Tenet is a citizen of Nevada and Texas. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010); *see also* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .").

16. CAFA's minimal diversity requirement is met here because at least one member of the putative class is a citizen of Florida, and Tenet is a citizen of Nevada and Texas.

### *No Defendant Is a Governmental Entity*

17. Tenet, the only Defendant, is not a state, state official, or other governmental entity.

### *The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs*[2]

---

[1] Tenet Healthcare Corporation, SEC Form 10-Q for period ended March 31, 2022, https://s23.q4cdn.com/674051945/files/doc_financials/2022/q1/6b982089-1648-48d9-970b-eb244c1549fc.pdf (last visited Jul. 14, 2022).

[2] Though Tenet disputes that Plaintiffs are entitled to bring this action, vehemently denies liability, and contends that Plaintiffs and the members of the putative class can recover nothing under the claims in the Complaint, for purposes of removal only, Plaintiffs' allegations and the relief sought by Plaintiffs are to be considered in determining the value of the claims as pled and the amount in controversy. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal."); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014).

18. The "matter in controversy" exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). The amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (quotation omitted). "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Id.* (quotation omitted); *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) ("the amount [in controversy] is not discounted by the chance that the plaintiffs will lose on the merits").

19. The complaint does not state an amount in controversy, so this notice must contain only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87; *see also Dudley*, 778 F.3d at 912 ("[A]ll that is required is a short and plain statement of the grounds for removal, including a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. That is the end of the matter, unless the plaintiff contests, or the court questions, the defendant's allegation.") (internal quotations and citations omitted).

20. Tenet denies all liability on Plaintiffs' claims, denies that Plaintiffs could ever recover damages, and denies that a court could ever certify a class under Federal Rule of Civil Procedure 23. But accepting Plaintiffs' allegations are true—for removal purposes only—their putative class claims put more than $5 million, exclusive of interest and costs, in controversy. Plaintiffs allege that based on "the 'millions' of patient encounters at Defendant's health system every year" it is "likely that there are millions of individuals whose PII and PHI may have been improperly accessed in the Cybersecurity Incident." Compl. ¶ 104. Assuming for purposes of this

removal that there are one million putative class members—a plausible number given Plaintiffs' allegation that there are "millions" of individuals whose information may have been improperly accessed—then so long as Plaintiffs are seeking to recover more than $5 in damages per putative class member, the amount in controversy exceeds $5 million.  The Complaint makes it clear that Plaintiffs seek far more than $5 per putative class member.

21. Plaintiffs seek a wide variety of damages, including: "all recoverable compensatory, statutory, nominal, and other damages sustained[.]" Compl. ¶ 156(b).  Plaintiff Goffman claims she suffered identity theft in the form of fraudulent credit card charges "totaling over $600" as a result of the cyberattack.  *Id.* ¶¶ 94, 97.  In further support of their claimed damages, Plaintiffs generally point to a variety of other alleged "injuries", including diminished value of their information, out-of-pocket expenses associated with the prevention of and recovery from fraud, lost opportunity costs associated with alleged mitigation efforts, and the "present, continuing, and certainly increased risk to their PII and PHI[.]" *Id.* ¶ 19.  Plaintiffs argue that "[t]ime is a compensable and valuable resource" and "seek remuneration for the loss of valuable time" spent monitoring their accounts and records. *Id.* ¶¶ 72-75.  Plaintiffs further "seek a sum of money sufficient to provide to Plaintiffs and Class Members identity theft protective services for their respective lifetimes." *Id.* ¶ 71.  Plaintiffs request numerous equitable and injunctive relief measures, such as "requiring Defendant to engage independent third-party security auditors" and "for a period of 10 years, appointing a qualified and independent third-party assessor to conduct a SOC 2 Type attestation on an annual basis[.]" *Id.* ¶ 156(d) (enumerating fifteen distinct injunctive relief measures sought).

22. To take one example, Plaintiff alleges that Tenet should pay for identity theft protective services for each putative class member's full lifetime.  Compl. ¶ 71.  Even assuming

conservatively that Plaintiffs were seeking identity theft protective services for only five years and that those services cost **only $1.01 *per year***, based on Plaintiffs' allegation that there are at least one million putative class members, then the amount in controversy would still exceed $5 million, exclusive of interest and costs.[3] Indeed, the monthly advertised rates for credit-monitoring services are much higher. For the three national credit-monitoring bureaus, these costs range between $9.95 and 19.95 per month (Equifax), $9.99 and $19.99 per month (Experian), and $29.95 per month (TransUnion). *See* Equifax, https://www.equifax.com/personal/ (last visited Jul. 14, 2022); Experian, https://www.experian.com/consumer-products/compare-identity-theft-products.html (last visited Jul. 14, 2022); TransUnion, https://www.transunion.com/hp202112A (last visited Jul. 14, 2022). Plaintiffs' claim for identity theft protective services alone puts more than $5 million, exclusive of interest and costs, at stake.

23. Numerous courts have considered the cost of identity theft protection and credit monitoring in evaluating CAFA jurisdiction in data breach cases. *See, e.g.*, *Porras*, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (including cost of providing credit monitoring services in evaluating amount in controversy and assuming cost of $15.95 per month per putative class member); *Fielder v. Penn Station Inc.*, No. 1:12-cv-2166, 2013 WL 1869618, at *2 (N.D. Ohio May 3, 2013) (finding CAFA amount in controversy requirement satisfied in light of class size and cost of credit monitoring services); *McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 73 (D. Conn. 2008) (same).

---

[3] 1,000,000 (putative class members) multiplied by $1.01 (dollars per year) multiplied by 5 (years) equals $5,050,000 dollars. That amount would of course increase if it were assumed that the identity theft protective services cost more than $1.01 per year. In *Porras*, for example, a district court used a **monthly** rate of $15.95. *Porras v. Sprouts Farmers Mkt., LLC*, No. EDCV 16-1005 JGB (KKx), 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016).

24. While CAFA's amount in controversy threshold is easily satisfied based on the damages sought for identity theft protection services alone, the Complaint requests other forms of relief that also must be considered in the amount in controversy and that further demonstrate that CAFA's jurisdictional threshold is satisfied, including:

- **Disgorgement of proceeds** Tenet allegedly unjustly received from the members of the putative class. *See* Compl. ¶ 156(b); *Lorenzo v. MillerCoors LLC*, No. 16-20851-CV-KING, 2016 WL 9632955, at *2 (S.D. Fla. Jul. 21, 2016) (including "the monies for which Plaintiff seeks disgorgement" in assessing whether CAFA's $5 million amount in controversy was satisfied).

- **Declaratory and injunctive relief.** The value to the class of the requested relief must also be included in assessing the amount in controversy and is further evidence that CAFA's jurisdictional threshold is satisfied. *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d at 1316.

25. In sum, the Complaint places in controversy at least $5,000,000, and CAFA's jurisdictional threshold is satisfied.

### *The Exceptions to CAFA Do Not Apply*

26. None of the exceptions to CAFA jurisdiction apply here. *See* 28 U.S.C. §§ 1332(d)(3-4). In any event, the burden to prove the applicability of an exception to jurisdiction under CAFA rests with the party opposing removal. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) (finding that once a defendant establishes removal is proper, "the burden is on a plaintiff to find an express exception"). Accordingly, it is not Tenet's burden to demonstrate that no exception to CAFA applies.

## **CONCLUSION**

27.     In conclusion, removal is appropriate under CAFA because (1) the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different than Tenet; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) the procedural requirements for removal under 28 U.S.C. § 1446 have been met.

28.     Accordingly, federal subject matter jurisdiction over this action exists.

29.     Tenet reserves the right to amend this Notice of Removal.

WHEREFORE, Tenet removes the Action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, to this Court.

Dated: July 15, 2022                                            Respectfully submitted,

*/s/ Kristine McAlister Brown*
Kristine McAlister Brown
Florida Bar No. 443640
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
kristy.brown@alston.com